Caldwell, J.
The only question presented to this court is, whether the statute of the 12th of March, 1845, refers merely to roads that have been authorized, but never opened, or whether it applies also to roads that have been opened and used. That statute reads as follows :
“ That any county road, or part thereof, which has heretofore, or may hereafter be authorized, which shall remain unopened for public use for the space of seven years, at any one time, after the order made, or authority granted for opening the same, shall be, and the same is hereby vacated, and. the authority granted for erecting the same is barred by lapse of time, and any state road or part of any state road which has heretofore, or may hereafter be authorized, which shall remain unopened for public use, for the space of ten years after the passage of the act authorizing the same, shall be vacated, and the authority for opening it repealed, for non user.”
We would remark in the first place that all the terms used to describe the road, are such as are strictly applicable to a road that has been authorized but not opened, and none of them would aptly describe a road that had been opened and used. It first speaks of a road that “ may hereafter be authorized, which shall remain unopened for public use, for the space of seven years,” not a road that shall be closed or obstructed. The seven years is not to commence from the time the road ceases to be used as a public highway, or from the time it may be obstructed; but from the time of the “ order made, or authority granted for opening the same.” Now if the statute applies to a road that has been opened and used, why date the seven years from the time of the authority granted for opening the road ? From the very nature of the case it becomes impossible to do so. Take the present case as an example. The seven years could not commence running until the obstruction was placed across the road, in 1837. How then could it in any way date from the authority granted for opening the road in 1810 ? It is *370 admitted that so far as state roads are concerned, the statute refers to such roads as have never been opened or used; yet we do not see that there is any rational difference between the description of the two kinds of roads; the phraseology, although slightly different, is in substance the same. The time in the case of state roads is ten years, in place of seven ; but this is easily accounted for. A state road being longer than a county road, it required more time to open and prepare it for travel than a county road, and hence longer time should be given, from the time it is authorized, than in the case of a county road. The expression “ at any one time,” that is used in the case of county roads, is dwelt on by counsel for plaintiffs in error as making a difference between state and county roads. This phrase we suppose means continuously. It has no force as used in the connection in which it is, and had much better be left out; still it would be an objectionable mode of construction to do away with the force of all the other terms used in the statute, in order to make them conform to this single expression, which in either view of the case would be altogether unnecessary.
The terms used in the statute are só clear and explicit, that we think it can receive no other construction, than that it applies to roads authorized but never opened and used, and to no other. But if the meaning of the statute were doubtful, if it admitted of either construction, the- reason of the law is so apparent as to confine it to the construction which we have given. It would indeed be a singular anomaly in legislation, if the legislature, after passing a law making it a penal offense to obstruct a highway, should also pass a law by which a premium should be offered for committing such obstruction. If the construction coiitended for by counsel for plaintiff in error, were adopted, it would be an encouragement to persons over whose land the road might run, to close it up. If they could keep up the obstruction for seven years, they would get the use of the land over which the road ran; although every day previous to the expiration of the seven years, they would be liable to indict *371 ment for such offense. Long before the passage of this law, and up to the present time, we had a statute making provisions for vacating a useless or unnecessary road that has been opened. Any person, at all acquainted with the situation of the country, will at once perceive the object and necessity of this statute. Many roads had been authorized through the country, that, from the difficulty and expense that would be attendant on their opening, or, in some instances, 'because they were not necessary, remained unopened. Persons were purchasing and improving lands,'over which these roads were to run; without knowing of their existence, other avenues of travel were, opened in the neighborhood, that, in many instances, supplied their place, and rendered them unnecessary, even if necessary when first authorized. Whenever a road, that had for a long time been in this situation, was attempted to be opened, great difficulty and disquietude were thereby produced, and the legislature, to obviate such difficulties, and presuming that a road that had been authorized, but not opened for so long a time, was unnecessary, passed this statute. We think the supreme court gave the proper con struction to the statute. The judgment will therefore be affirmed.